**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: MAXIM INTEGRATED | ) | Master Docket |
| PRODUCTS, INC. MDL No. 2354 | ) | Misc. No. 12-244 |
| | ) | MDL No. 2354 |
| This Document Relates to: | ) | CONTI, District Judge |
| 2:12-CV-89 | ) | |
| _____ | ) | |

**PNC'S STATEMENT OF MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT OF NO CONTRIBUTORY INFRINGEMENT**

**I.     THE PARTIES**

1. The PNC Financial Services Group, Inc., a publicly-traded corporation listed on the New York Stock Exchange as "PNC," is a Pennsylvania corporation with its principal place of business in Pittsburgh, Pennsylvania.  *See* D.I. 1 at 1 (2:12-cv-89).

2. PNC Bank, National Association, a national banking association with its principal place of business in Pittsburgh, Pennsylvania, is a wholly-owned, indirect subsidiary of The PNC Financial Services Group, Inc.  *Id.*

3. Defendant Maxim Integrated Products, Inc. is a Delaware corporation with its principal place of business at 120 San Gabriel Drive, Sunnyvale, California.  *Id*; *see* D.I. 12 at 2 (2:12-cv-89).

**II.    MAXIM'S ALLEGATIONS OF CONTRIBUTORY INFRINGEMENT**

4. On December 2, 2011, Maxim sent to PNC a letter accusing PNC of infringing U.S. Pat. No. 5,940,510 ("the '510 patent"); U.S. Pat. No. 5,949,880 ("the '880 patent"); U.S. Pat. No. 6,105,013 ("the '013 patent"); and U.S. Pat. No. 6,237,095 ("the '095 patent"). In that letter, Maxim made generic allegations of contributory infringement.  *See* D.I. 1 at 2-3.

5. Through a Complaint filed in this Court on January 25, 2012, among other things, PNC sought a declaratory judgment of non-infringement of the '510 patent, the '880 patent, the '013 patent, and the '095 patent (the "patents-in-suit").  *See id.*

6. In an Answer filed by Maxim in this Court on June 6, 2012, Maxim alleged, among other things, that "PNC contributes to the infringement of the [patents-in-suit] by selling, offering to sell, importing, and/or supplying components of the claimed subject matter of the [patents-in-suit], including providing the PNC mobile banking software application for iPhone, iPod Touch, iPad, Android devices, and/or Windows Mobile devices to customers."  *See* D.I. 12.

1

7. In "Supplemental Local Patent Rule 3.2 and 3.3 Disclosures" ("Infringement Contentions") served on December 14, 2012, Maxim alleged that "PNC infringes each of the Asserted Claims pursuant to § 271(c) by offering to sell or selling within the United States software, such as the PNC Mobile Banking applications and PNC's secure mobile website, for use in practicing each of the Asserted Claims, where the software constitutes a material part of the claimed inventions, PNC knows the software to be especially made or especially adapted for use in infringement of the Asserted Claims, and the software is not a staple article or commodity of commerce suitable for substantial non-infringing use." *See* Ex. A at 3-4.

### III. PNC'S PROVISION OF THE ACCUSED MOBILE APPLICATIONS AND MOBILE WEBSITE FUNCTIONALITY IS FULLY FREE OF CHARGE

8. Neither The PNC Financial Services Group, Inc. nor PNC Bank, NA ("PNC") 1) sells, 2) has ever sold, 3) offers for sale, or 4) has ever offered for sale any mobile applications, or access to its mobile website, including its PNC Mobile, PNC Mobile for iPad, Virtual Wallet, Virtual Wallet tablet and SmartAccess applications ("the accused mobile applications"). *See* Ex. C (Declaration of Thomas F. Trebilcock).

9. Rather, PNC provides the accused mobile applications and access to its mobile website free of charge. *Id.*

10. The fact that PNC does not sell or offer for sale any of the accused mobile applications and/or access to its mobile website is publicly available knowledge. *See id.*; Ex. B (Screenshot of PNC website, https://www.pnc.com/webapp/unsec/Blank.do?siteArea=/pnccorp/pnc/home/personal/online+banking/mobile+banking/pnc+mobile+banking, last accessed August 6, 2013).

Dated: August 6, 2013

                        Respectfully submitted:

                        */s/ Lionel M. Lavenue*
                        Lionel M. Lavenue, Esq.
                        lionel.lavenue@finnegan.com
                        James J. Boyle, Esq.
                        james.boyle.finnegan.com
                        Michael V. Young, Sr., Esq.
                        michael.young@finnegan.com
                        **FINNEGAN, HENDERSON, FARABOW,**
                        **GARRETT & DUNNER, LLP**
                        Two Freedom Square
                        11955 Freedom Drive
                        Reston, VA 20190-5675
                        Tel: (571) 203-2700
                        Fax: (202) 408-4400

                        Elizabeth A. Laughton, Esq.
                        elizabeth.laughton@finnegan.com
                        **FINNEGAN, HENDERSON, FARABOW,**
                        **GARRETT & DUNNER, LLP**
                        901 New York Avenue, N.W.
                        Washington, D.C. 20001-4413
                        Tel: (202) 408-4000
                        Fax: (202) 408-4400

                        *Attorneys for The PNC Financial Service Group, Inc. &*
                        *PNC Bank, N.A.*

4

**CERTIFICATE OF SERVICE**

  The undersigned certifies that on this 6th day of August 2013 the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system which will issue an electronic notification of filing to all counsel of record.

                /s/ *Lionel M. Lavenue*
                Lionel M. Lavenue