# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: MAXIM INTEGRATED ) | Master Docket |
| PRODUCTS, INC. MDL no. 2354 ) | Misc. No. 12-244 |
| ) | MDL No. 2354 |
| ) | |
| This Document Relates to: ) | |
| ) | |
| Civ. No. 12-0089 ) | |
| ) | |

## MEMORANDUM OPINION

**CONTI**, **Chief District Judge**

      Pending before the Court is a motion for partial summary judgment of no contributory infringement filed by PNC Bank, N.A. and The PNC Financial Services Group, Inc. (collectively "PNC") (12-mc-244, ECF No. 629 and 12-cv-89, ECF No. 79.)[1] PNC filed a brief in support of its motion (ECF No. 630), a concise statement of material facts (ECF No. 631), and a reply brief (ECF No. 684.) Maxim Integrated Products, Inc. ("Maxim") filed a brief in opposition to PNC's motion, attaching a counterstatement of disputed material facts (ECF No. 666.) The interested parties were invited to offer oral argument on the motion at the October 21, 2013 conference with the court, but each indicted that argument was unnecessary and that the matter could be decided on the papers.

      The motion is now ripe for disposition. For the reasons that follow, PNC's motion will be DENIED, without prejudice to any party's right to raise this issue in accordance with the schedule set at the close of discovery for the filing of dispositive motions.

---

[1] All papers were filed at both the individual docket and the master MDL docket. Citations in this opinion will be to the filings made on the master MDL docket.

Maxim accuses PNC of contributory infringement of four of the patents-in-suit by "offering to sell or selling within the United States" certain applications for mobile devices, including PNC Mobile, Virtual Wallet and SmartAccess (collectively the "Apps") and PNC's secure mobile website (the "website") (ECF No. 630 at 1.) PNC moved for entry of judgment as a matter of law on Maxim's allegations of contributory infringement on the ground that it "provides its mobile applications as well as access to its mobile website free of charge" making it impossible for PNC to violate 35 U.S.C. § 271(c). (ECF No. 630-4 (Trebilcock Declaration) ¶ 4.) Section 271(c) of the Patent Act states that "[w]hoever offers to sell or sells within the United States or imports into the United States a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer." 35 U.S.C. § 271(c).

In response, Maxim contends that: (1) PNC has failed to cite case law that supports its position; (2) there are material facts in dispute; and (3) further discovery is needed before PNC's motion becomes ripe for adjudication (ECF No. 666.) Specifically, Maxim argues that PNC receives consideration from its customers, in the form of fees and minimum deposit requirements, in exchange for the Apps and website (ECF No. 666 at 7-8.). According to Maxim, the law of contributory infringement does not require that PNC collect a cash payment specifically earmarked for an App or website in order to satisfy the requirements of § 271(c) (Id. at 1.) In its reply brief, PNC states that because "anyone can download and install PNC's applications (or access PNC's website) without paying anything at all or agreeing to pay

anything at all" there can be no possible sale of a component part within the meaning of the contributory infringement statute (ECF No. 684 at 1 (emphasis in original).)

Summary judgment is appropriate if the record shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). In evaluating the motion, all factual inferences must be drawn in favor of the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Wishkin v. Potter, 476 F.3d 180, 184 (3d Cir. 2007). The summary judgment inquiry asks whether there is a need for trial – "whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Liberty Lobby, 477 U.S. at 250. In ruling on a motion for summary judgment, the court's function is not to weigh the evidence or to determine the truth of the matter, but only to determine whether the evidence of record is such that a reasonable jury could return a verdict for the nonmoving party. Id. at 248–49; Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150–51 (2000) (citing cases). Although the Federal Rules of Civil Procedure contemplate the filing of motions for summary judgment before the close of discovery, a district court must give a party opposing summary judgment an adequate opportunity to obtain discovery. Dowling v. City of Philadelphia, 855 F.2d 136, 139 (3d Cir. 1988).

Because there are currently material facts in dispute on this key question of whether or not PNC receives consideration from its customers in exchange for the Apps and website, the motion must be denied. Maxim denies each of PNC's asserted material facts regarding this dispositive issue. Specifically, Maxim denies PNC's contentions that PNC never sold any Apps or website access and provides the same free of charge. (ECF No. 666-1 (Maxim's Counterstatement of Material Facts) ¶¶ 8-9.) In support of its denial, and in support of

its own Statement of Additional Material Facts, Maxim cites to various exhibits that purportedly demonstrate that PNC provides the Apps to its customers in exchange for consideration, such as fees and access to deposited funds, and requirements that customers have accounts and enter into contracts (Id. ¶¶ 8-9, 11-13.)

By way of example, Maxim submitted a copy of an End User License Agreement applicable when downloading the Apps (ECF No. 666, Ex. K). Maxim submitted materials, created by PNC and produced by it in discovery, which state that "[b]y downloading and installing the PNC Mobile Banking Applications you are accepting the terms of service contained in the Online Banking Service Agreement" (ECF No. 666, Ex. J at PNC0000821). This document, as well as others, specify that after the PNC Mobile Banking Application is downloaded onto a mobile device, only customers who have an "account that is eligible for PNC Online Banking" can "activate" the App by "using an activation code that is provided online during enrollment" (ECF No. 666, Ex. J at PNC0000821; ECF No. 666, Ex. I.) Other documents produced by PNC in discovery reflect that special eligibility requirements must be met in order to access the Mobile Deposit and Virtual Wallet Apps. (ECF No. 666, Ex. C, Ex. H, and Ex. L at PNC00147134.) This evidence indicates that a user must have some relationship with PNC in order to obtain the Apps. The terms and consideration attendant to that relationship, which are still the subject of ongoing discovery, arguably may satisfy the legal requirement that PNC Bank "sell" the Apps for purposes of a contributory infringement analysis. As a result, entry of judgment as a matter of law is inappropriate based upon this record.

PNC's assertion, made only in its reply brief, that "anyone can download and install PNC's" Apps does not compel entry of judgment in PNC's favor. First, PNC offered no evidence with the reply brief to support this specific assertion, and relies instead on attorney

argument that Maxim should be aware of this fact "[i]f Maxim has indeed downloaded and installed the [Apps or website]". (ECF No. 684 at 2.)  Although a printout from PNC's own website, which was submitted with its opening brief, states that the "Cost" of the Apps and website is "FREE" (ECF No. 630-3), that evidence does not necessarily support PNC's later claim that even people who have no business relationship with PNC can download and install the Apps.  The evidence, summarized above, submitted by Maxim contradicts this assertion that a stranger to PNC could access the Apps.  This dispute of fact on the record now before the court prevents the entry of judgment as a matter of law.

PNC's contention that a non-customer could download the Apps, and simply never activate or make use of them, may prove to be legally inconsequential.  The software transferred in such a transaction would presumably be incomplete and may not qualify as a component part of the invention disclosed in the patents-in-suit.  In any event such incomplete and deactivated software might not ever be associated with a direct infringement.  But more importantly, the fact that PNC might, in some situations, give the Apps away for free does not mean that PNC cannot, in other situations, be selling the Apps within the meaning of § 271(c).  These are all legal issues that require the benefit of full discovery and thorough briefing based on a universe of known facts.  They are not issues to be pre-judged based on an incomplete factual record.

Finally, PNC's citation to <u>Pharmastem Therapeutics, Inc. v. Viacell, Inc.</u>, 491 F.3d 1342 (Fed. Cir. 2007), does not dictate that this court grant its motion at this juncture.  The Court of Appeals for the Federal Circuit held in <u>Pharmastem</u> that an umbilical cord blood bank could not be a contributory infringer by "selling" the cord blood later used by doctors in an infringing process because it never owned the blood itself, and thus had no legal right to transfer

its title.  Id. at 1349, 1358-59.   This question of ownership of the component part is not at issue in this case, and thus, Pharmastem is not controlling.

Based upon the foregoing, entry of judgment as a matter of law on the issue of PNC's liability for contributory infringement is inappropriate and PNC's motion for partial summary judgment must be denied.  The disposition of the instant motion is without prejudice to PNC's, or any other party's, ability to raise the issue in accordance with the schedule set forth at the close of discovery for the filing of dispositive motions.

An appropriate order will be filed contemporaneously with this opinion.


Dated:   October 25, 2013                                          BY THE COURT:

                                                               /s/ JOY FLOWERS CONTI
Joy Flowers Conti
Chief United States District Judge